UNITED STATES of America, Plaintiff–Appellee,

v.

Jesus Salvador GARCIA–SANCHEZ, Defendant–Appellant.

No. 06–40852

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 10, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM: *

Jesus Salvador Garcia–Sanchez (Garcia) appeals his guilty-plea conviction and 77–month sentence for unlawful reentry following deportation in violation of 8 U.S.C. § 1326. Garcia first challenges the reasonableness of his sentence. However, his sole argument is that this court's jurisprudence applying a presumption of reasonableness to a sentence falling within a properly calculated guideline range is inconsistent with *United States v. Booker,*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Garcia concedes that his argument is foreclosed by circuit precedent, but he raises the issue here solely to preserve it for further review.

Garcia also argues that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.